IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-0005-A |
| | ) | WO |
| | ) | |
| ROBERT LEE UNDERWOOD | ) | |

**ORDER OF DETENTION PENDING SENTENCING**

Pursuant to Defendant's *Motion to Set Bond* (Doc. 24, May 23, 2005), the court scheduled a detention hearing at 11:30 a.m. on May 31, 2005. After due consideration of the testimony, evidentiary proffers, and arguments of counsel at the detention hearing held on May 31, 2005, on the Defendant's Motion (Doc.31), and pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), the court now concludes that the Defendant's Motion is due to be DENIED to the extent that it requested his release pending sentencing.

**Part I - Findings of Fact**

On May 10, 2005, the defendant plead guilty to a one-count indictment charging a firearms violation prohibited by 18 U.S.C. 922(g)(1). Sentencing is anticipated within the next 70-90 days. The evidence is compelling that the defendant's release pending sentencing will present a serious risk that he will not appear as required and that he poses a danger to the community.

**Part II - Written Statement of Reasons for Detention**

Since his parole from state custody in 2002, the defendant has resided principally with his girlfriend. He remained crime-free and gainfully employed until the July 11, 2004 events giving rise to the indictment, all resulting from an altercation at the girlfriend's residence triggered by an unexpected visit from her estranged husband. Defendant's testimony at his plea colloquy and his

testimony at this detention hearing have been considered along with an evidentiary proffer from the Assistant United States Attorney based from the case agent present to testify. Officers have not yet recovered the gun admittedly in the defendant's possession on the date in controversy. Because this defendant faces the certainty of prison time pursuant to his guilty plea, and continues the relationship with the girlfriend whose husband's conduct triggered the defendant's criminal act, there is a clear danger that his release pending sentencing presents a danger to the community. The risk is enhanced based on the evidentiary proffer of the defendant's ongoing rift with his girlfriend's husband. The evidence is compelling that there are no conditions or a combination of conditions that can be fashioned to reasonably ensure his appearance as required and the safety of the community.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 1st day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE